**UNITED STATES of America, Appellee,**

v.

**Edward E. WILLIAMS, Appellant.**

**No. 76–1394.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1976.

Decided Nov. 17, 1976.

Steve L. Festinger, Little Rock, Ark., for appellant; Dale Price, Little Rock, Ark., on brief.

Richard M. Pence, Jr., Asst. U. S. Atty., Little Rock, Ark., for appellee; Wilbur H. Dillahunty, U. S. Atty., Little Rock, Ark., on brief.

Before LAY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Edward E. Williams appeals from his conviction on twenty-one counts of insurance mail fraud in violation of 18 U.S.C. § 1341. We affirm.

The evidence shows that the defendant applied for and obtained numerous health, accident, disability and hospitalization insurance policies. In the application process, Williams concealed and misrepresented information respecting other insurance in force, pending applications and previous hospital and medical treatments. The defendant submitted multiple claims for insurance benefits and collected benefits far in excess of medical expenses incurred. The government offered the testimony of Amanda Schuster, a friend of Williams, who related a discussion between herself and the defendant in which he explained how "easy money" could be made by obtaining multiple insurance policies, getting sick, and then collecting multiple benefits. Another witness testified that the defendant and his doctor had a close personal relationship.

Williams first argues that the district court improperly excluded certain evidence of two Arkansas insurance statutes, a state insurance regulation and testimony

relating to these statutes and regulation.[1] The defendant claims that this evidence was relevant to show that the agents who sold him the policies had no knowledge of Arkansas law and, *ipso facto,* that he (the defendant) purchased the numerous insurance policies in good faith.[2] He also claims that the evidence was relevant to the credibility of the insurance agents. The district court concluded that this evidence was irrelevant to any material issue of the case. We agree.

Fed.R.Evid. 401 provides:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

The relevance of a given piece of circumstantial evidence must be determined by the trial judge in view of his or her experience, judgment and knowledge of human motivation and conduct. McCormick, Law of Evidence 438 (2d ed. 1972). As stated in *United States v. Schipani,* 289 F.Supp. 43, 56 (E.D.N.Y.1968), *aff'd,* 414 F. 2d 1262 (2d Cir. 1969), *cert. denied,* 397 U.S. 922, 90 S.Ct. 902, 25 L.Ed.2d 102 (1970):

The court's function is, in the usual simple case, only to decide whether a reasonable man might have his assessment of the probabilities of a material proposition changed by the piece of evidence sought to be admitted. If it may affect that evaluation it is relevant and, subject to certain other rules, admissible.

*See also* McCormick, *supra,* at 438 n. 28. The trial court has broad discretion in determining the relevance of proposed evidence, *United States v. Johnson,* 516 F.2d 209, 214 (8th Cir.), *cert. denied,* 423 U.S. 859, 96 S.Ct. 112, 46 L.Ed.2d 85 (1975); *United States v. Mitchell,* 463 F.2d 187, 191 (8th Cir. 1972), *cert. denied,* 410 U.S. 969, 93 S.Ct. 1449, 35 L.Ed.2d 705 (1973), and the

admission or exclusion of such evidence will be overturned on appeal only if the court has abused its discretion. *United States v. Kills Crow,* 527 F.2d 158, 160 (8th Cir. 1975) (per curiam).

■■ We find no abuse of discretion on this record. We have no argument with the proposition that wide latitude should be allowed with respect to the admission of evidence material to intent and credibility of government witnesses. However the Arkansas statutes and regulation, and the agents' knowledge or ignorance thereof, have nothing to do with any material issue of this case.

■ Ark.Stat.Ann. § 66–3620 (repealed 1971), allowed insurance companies to prorate benefits where other insurance covered the same loss. Under § 66–3620, the companies were not required to write a proration provision into any insurance contract, and their failure to do so in this case, whether they knew of the statute or not, does not tend to prove bad faith on the part of the agents; nor does it tend to prove good faith on the part of the defendant under 18 U.S.C. § 1341.

■ Similarly, Ark.Stat.Ann. § 66–3208, which provides, *inter alia,* that an insured's misrepresentation or omission is not grounds for avoiding a policy unless the insurer in good faith would have declined to issue the policy in the amount requested, is also irrelevant to the defendant's motive under § 1341. A conviction for mail fraud does not depend upon a violation of state law. *United States v. States,* 488 F.2d 761, 767 (8th Cir. 1973), *cert. denied,* 417 U.S. 909, 950, 94 S.Ct. 2605, 41 L.Ed.2d 212 (1974); *United States v. Bush,* 522 F.2d 641, 646 n. 6 (7th Cir. 1975), *cert. denied,* 424 U.S. 977, 96 S.Ct. 1484, 47 L.Ed.2d 748 (1976).

■ The state insurance regulation which the defendant sought to introduce, requires an insurer to forward a copy of the

---

1. The evidence was excluded pursuant to the government's motion in limine.

2. The government must show beyond a reasonable doubt that the defendant acted with an

intent to defraud under § 1341. *See United States v. McNeive,* 536 F.2d 1245, 1247 (8th Cir. 1976).

application to the insured to verify the information contained in the application. The defendant, by offer of proof, elicited testimony from two former insurance commissioners that the purpose of the regulation is to crack down on companies that write insurance on the basis of incomplete information and then deny claims because such information is insufficient. Neither the regulation nor the testimony offered in support thereof tend to show good faith on the part of the defendant in obtaining the policies in question. The purpose of the regulation is to protect individuals from overreaching insurance agents, not to sanction intentional misrepresentations or omissions on the part of applicants.

 Williams was not prevented from developing any circumstances relating to the acquisition of the policies, e. g., good faith on his part or sharp practices of the agents who sold the policies. He offered no connecting factor which would have made the proffered evidence even remotely relevant to either his intent or the agents' credibility.[3] It appears that the evidence was offered only to insinuate that the abuses giving rise to the passage of the statutes and regulation occurred in this case. Absent any foundational proof, no basis exists for this inference.[4]

The defendant next argues that the district court erred in not granting a mistrial because of alleged extrajudicial communication between two government witnesses and members of the jury. On the last day of trial, the defendant stated in chambers that he had observed two postal inspectors in the hall outside the courtroom conversing in the presence of several jurors. The defendant did not hear the conversation. Postal Inspector Gardner was sworn and testified that he and Inspector Cain were in the hall when the jurors filed into the jury room. Gardner stated that he and Cain were talking about the case in the hall but not in the presence of the jury. He testified that, " * * * we took particular care to be quiet while they [jurors] walked by." Inspector Cain and the members of the jury were not questioned about the incident. Defense counsel requested that the jurors be examined but failed to move for a mistrial or any other relief. The district court found as a matter of fact that there was no conversation in the presence of any juror.

 Because the defendant failed to request appropriate relief from the district court, we review this claim under the plain error rule. Fed.R.Crim.P. 52(b).

 Extrajudicial communication during trial between a prosecution witness and a juror is presumptively prejudicial subject to being rebutted by the government. *Remmer v. United States,* 347 U.S. 227, 229, 74 S.Ct. 450, 98 L.Ed. 654 (1954). However, some communication or contact must occur before it can be deemed presumptively prejudicial. *United States v. Minken,* 504 F.2d 350, 355 (8th Cir. 1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1122, 43 L.Ed.2d 396 (1975); *Mee v. United States,* 316 F.2d 467, 469 (8th Cir. 1963), *cert. denied,* 377 U.S. 997, 84 S.Ct. 1923, 12 L.Ed.2d 1049 (1964). We cannot say that the district court committed plain error in finding as a factual matter that no such communication occurred in this case. The defendant did not overhear the conversation. Inspector Gardner testified that no communication about the case occurred in the presence of any juror.

 Nor did the district court commit plain error in refusing to question Inspector Cain or the jury about the incident. The defendant presented no evidence that any communication or contact occurred other than the chance contact between the jury and the inspectors as the jury filed into the

---

**3.** The defendant did not take the stand and offered no proof with respect to his motive at trial.

**4.** Defendant argues that the district court erroneously disallowed proof that Arkansas law does not prohibit the ownership of numerous insurance policies. This claim is frivolous. The jury was instructed as a matter of law that "[t]he ownership of numerous insurance policies for hospitalization or medical benefits by one person is not of itself against the law."

jury room. In view of the speculative nature of the defendant's complaint, the court's inquiry of Inspector Gardner was sufficient to establish beyond a reasonable doubt that no prejudicial communication occurred.[5]

The judgment of conviction is affirmed.

---

**5.** We caution that a claim of improper extrajudicial communication may necessitate examination of the jurors under other circumstances. However, we also recognize that, in addition to ensuring fairness to the defendant, the district court should avoid the potential for intimidation, harassment or distraction of the jury. *United States v. Minken,* 504 F.2d 350, 355 (8th Cir. 1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1122, 43 L.Ed.2d 396 (1975). We hold only that, in view of the speculative nature of the defendant's complaint, the district court did not commit plain error in not permitting further inquiry.