Larry Edward TAYLOR, Appellant,

v.

James MABRY, Commissioner, Arkansas Department of Correction, Appellee.

No. 78–1684.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1979.

Decided Feb. 23, 1979.

---

Stephen Engstrom, Little Rock, Ark., for appellant.

Bill Clinton (former Atty. Gen.), and Joyce Williams Warren, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before LAY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Larry Taylor appeals from the judgment of the district court dismissing his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Taylor was convicted of burglary and grand larceny in the Circuit Court of Greene County, Arkansas on December 18, 1972, for which he is serving two consecutive twenty-one year sentences in the Cummins Unit of the Arkansas Department of Correction.

In his petition, Taylor alleges that:

1. The evidence was insufficient to sustain his conviction,

2. The jury was prejudiced against him,

3. The prosecutor failed to make a pretrial disclosure of evidence favorable to him,

4. His trial counsel was incompetent.

The district court referred the petition to a magistrate, who held a hearing at which Taylor, Taylor's sister, and one of the jurors at Taylor's trial, Gale Roswell, testified. After the hearing, the magistrate recommended that Taylor's petition be denied. The district court adopted the magistrate's findings of fact and dismissed Taylor's petition.

On appeal, Taylor does not contest the district court's conclusions that there was sufficient evidence to support the conviction, that trial counsel was competent, and that the prosecutor did not withhold pretrial disclosure of favorable evidence. The sole issue on appeal is whether the district court denied Taylor a full and fair hearing by refusing to allow him to call as witnesses the jurors who found him guilty. Taylor contends that their verdict was influenced by extraneous and prejudicial information communicated to them by juror Gale Roswell.

At the hearing held by the magistrate, it became apparent that at the time he sat as a juror for Taylor's trial, Roswell was a good friend of Taylor's sister and brother-in-law, knew of Taylor, and was familiar with Taylor's prior criminal convictions.[1]

---

1. Prior to his trial in the instant case Taylor had been imprisoned numerous times for theft-related offenses.

However, Roswell failed to inform the trial court of these facts when the jurors were asked during the voir dire, "Do any of you know Larry Taylor at all?" and "Never heard of him before?"

Taylor does not request a new trial on the basis of Roswell's nondisclosure. He apparently is satisfied that Roswell intended to help him and that Roswell's decision was not influenced by his knowledge of Taylor's past.

Instead, Taylor argues that Roswell must have communicated his knowledge about Taylor's past to the other jurors, thus tainting the verdict.[2] He urges that the district court's failure to allow him to call other jurors to testify regarding what Roswell revealed to them denied him a full and fair hearing.

■ Proof that Roswell informed other jurors of Taylor's prior convictions would constitute a prima facie showing of prejudice. *See Remmer v. United States,* 347 U.S. 227, 229, 74 S.Ct. 450, 98 L.Ed. 654 (1954); *Bugler v. McClay,* 575 F.2d 407, 411 (2d Cir.), *cert. denied,* —— U.S. ——, 99 S.Ct 290, 58 L.Ed.2d 263 (1978); *Owen v. McMann,* 435 F.2d 813, 815–20 (2d Cir. 1970), *cert. denied,* 402 U.S. 906, 91 S.Ct. 1373, 28 L.Ed.2d 646 (1971). *See generally United States v. Williams,* 545 F.2d 47, 51 (8th Cir. 1976). However, Taylor's allegation that Roswell communicated extraneous prejudicial information to the other jurors was speculative, contradicted by Roswell and insufficient to require that he be permitted to subpoena those jurors. Roswell testified before the magistrate that he made no mention to the jury that Taylor had previous convictions, and on the basis of Roswell's testimony, the magistrate found that Roswell had made no prejudicial communications to the jury.

In his objections to the magistrate's findings, Taylor requested for the first time that other jurors be permitted to testify. However, his basis for requesting further testimony was that:

> The evidence to be introduced at the hearing before the District Judge would be in the form of testimony from several of the jurors who served in Petitioner's case concerning Mr. Roswell's disclosures in the jury room. At the very least, these jurors would impeach Roswell by testifying that he did not seal his lips throughout the deliberations on the issue of Petitioner's guilt or innocence on the charge.[3]

Taylor gives the court no reasonable cause to believe that any juror would testify as Taylor speculates he might. Taylor's counsel did not interview any of the jurors and is requesting permission to conduct a fishing expedition. His only supporting argument is that Roswell's testimony was so incredible in many respects that he could not have been telling the truth about his silence in the jury room.

As we stated in *United States v. Eagle,* 539 F.2d 1166, 1171 (8th Cir. 1976), *cert. denied,* 429 U.S. 1110, 97 S.Ct. 1146, 51 L.Ed.2d 563 (1977),

> in the absence of specific allegations of ability to adduce competent evidence, the district court properly denied  *  *  * the motion to subpoena jurors  *  *  *.

*See also United States v. Williams, supra,* 545 F.2d at 51–52.

The judgment of the district court is affirmed.

---

**2.** Taylor was tried as an habitual criminal pursuant to Ark.Stat.Ann. §§ 43–2328—43–2330.1 (now §§ 41–1001—41–1005). His trial was bifurcated, with the first stage concerning only guilt or innocence. No evidence of Taylor's prior convictions was introduced at the first stage.

**3.** Roswell had testified at the hearing before the magistrate that he could not remember making any comment in the jury room and that he only voted.