**CIRCUIT COURT OF FAIRFAX COUNTY**

Michael, Harris
and Rosato Brothers, Inc.

v.

Fairfax Redevelopment
and Housing Authority

March 15, 1991

Case Nos. (Law) 98564 and 97407

By JUDGE QUINLAN H. HANCOCK

This case comes before the Court on defendant's Plea in Bar to plaintiff's Motion for Judgment. For the reasons set forth below, the Plea in Bar is granted and this cause is dismissed with prejudice.

The parties entered into a public contract for the construction of the Reston Town Center Townhouses on December 15, 1988. Pursuant to the contract, the plaintiff, Michael, Harris & Rosato Brothers, Inc., was required to furnish all labor, material, equipment and services to construct four buildings, thirty townhouse units, a storage room and all related site work. The contract price was $2,218,948.64.

On August 10, 1989, the defendant, Fairfax Redevelopment and Housing Authority (hereinafter "Authority"), issued a contractual disputes decision. The decision denied the plaintiff's claim for $167,000.00 to pay sewer availability fees charged by the Fairfax County Department of Public Works and water availability fees charged by the Fairfax County Water Authority. The decision was received by the plaintiff on or about October 16, 1989. On May 24, 1990, the plaintiff filed this action. On June 11, 1990, the defendant filed its Plea in Bar herein.

The Authority contends that the Virginia Public Procurement Act, Va. Code §§ 11-35 through 11-80 (1989), regulates all stages of the public procurement process and prescribes the administrative and judicial remedies available to contractors involved in disputes with public bodies. *See, John C. Holland Ent. v. J. P. Mascaro & Sons*, 653 F. Supp. 1242, 1247 (E.D. Va. 1987). As such, because the Authority is a political subdivision of the State of Virginia, *see* Va. Code § 36-19, and Va. Code § 11-37 subjects political subdivisions to the Act, the contract in the case at bar is governed by the Act.

Va. Code § 11-69(D) states, *inter alia*, as follows:

> The decision of the public body shall be final and conclusive unless the contractor appeals within *six months* of the date of the final decision on the claim by the public body by invoking administrative procedures meeting the standards of § 11-71, if available, or in the alternative by instituting legal action as provided in § 11-70 of the Code.

(Emphasis added.)

In the case at bar, the contractual dispute decision was issued by the Authority on August 10, 1989. The Motion for Judgment herein was filed on May 2, 1990, more than six months after the issuance of the contractual dispute decision. The Authority submits, therefore, that the plaintiff's action is barred by Va. Code § 11-69(D).

The plaintiff contends, on the other hand, that paragraph 14(c) of the contract governs the resolution of the dispute. Paragraph 14(c) states as follows:

> Provided the Contractor has (1) given the notice within the time stated in (b) above, and (2) excepted its claim relating to such decision from the final release, and (3) brought suit against the PHA (Authority) not later than *one year* after receipt of final payment or if final payment has not been made, not later than *one year* after the Contractor has had a reasonable time to respond to a written request by the PHA that it submit a final voucher and release,

whichever is earlier, *the Contracting Officer's decision shall not be final or conclusive but the dispute shall be determined on the merits by a court of competent jurisdiction.*

(Emphasis added.)

Nevertheless, the court finds, by operation of Va. Code § 11-69(D), that this Court has no jurisdiction over the contractual disputes decisions issued by a public body under the Act after the expiration of the six-month appeal period. Therefore, the one-year limitation period set forth in the contract is subject to the six-month jurisdictional period for appeal of contractual disputes set forth in Va. Code § 11-69(D). Accordingly, this cause is dismissed with prejudice.