**FERGUSON–WILLIAMS, INC.,**
**Plaintiff-Appellant,**

v.

**BAMSI, INC.; Brown and Associates Management Services, Inc.; Mercury Consolidated, Inc.; and Hugh M. Brown, individually, Defendants-Appellees.**

No. 85–7450
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 19, 1986.

Howell Roger Riggs, Jr., Huntsville, Ala., for plaintiff-appellant.

H. Harold Stephens, Huntsville, Ala., for defendants-appellees.

J.R. Brooks, Huntsville, Ala., for Bamsi, Inc., Brown & Associates.

Before RONEY and HATCHETT, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

This is a diversity jurisdiction suit brought by Ferguson-Williams, Inc., an unsuccessful bidder on a Government contract available only to small-business bidders, alleging a state law cause of action for fraud and unjust enrichment against BAMSI, Inc., the successful bidder. BAM-

SI, because of its affiliation with Mercury Consolidated, Inc., a large company, is alleged to have fraudulently certified itself as a small business. The district court granted summary judgment for BAMSI and Mercury. We affirm.

This Court recently held that although Congress did not intend to provide a civil private cause of action to the second lowest bidder of a federal contract when the lowest bidder has misrepresented itself as a small business, it had not expressly nor impliedly preempted a state remedy for fraud, unjust enrichment or interference with a business relationship based on such misrepresentations. *Tectonics, Inc. of Florida v. Castle Const. Co.*, 753 F.2d 957 (11th Cir.1985). We held the Act did not preclude such a cause of action if it is permitted pursuant to Alabama law.

The key to such a case, however, would be that the first low bidder who received the contract was not qualified as a small business under the Act, and was therefore ineligible to receive the contract. In the hearing of BAMSI's and Mercury's summary judgment motion, their uncontradicted affidavits and exhibits established that at every level of the Ferguson-Williams bid protest proceedings, it was determined that the Small Business Act had not been violated. In fact, the exhibits showed that the final administrative decision of the SBA was that BAMSI properly qualified as a small business and that Mercury's "affiliation" with BAMSI was not in violation of the code or regulations issued under the Act. Ferguson-Williams presented the same evidence to the reviewing administrative agency and to the district court. This Court must give deference to the SBA's determination that BAMSI was a small business. This is especially true when the agency is charged with formulating the regulations under which the decision was made. *Kahlenberg v. I.N.S.*, 763 F.2d 1346, 1349 (11th Cir.1985). This case, then, is unlike *Tectonics*, where, as a result of a protest, the Small Business Administration decided the successful low bidder was not a small business as defined by federal law. The district court correctly ruled that the

SBA's determination that BAMSI qualified as a small business under its regulations eliminated the possibility of any state action based on misrepresentation, fraud or unjust enrichment.

AFFIRMED.