OPTIC-ELECTRONIC CORP., Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Civ. A. No. 87-2493.

United States District Court, District of Columbia.

Sept. 22, 1987.

D. Whitney Thornton, Washington, D.C., for plaintiff.

Asst. U.S. Atty. John C. Martin, Washington, D.C., for defendants.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

The plaintiff, a disappointed bidder, filed this action in which it seeks a declaratory judgment and injunctive relief. The case was filed on or about September 10, 1987. The case is now before the Court on the plaintiff's motion for a temporary restraining order and its motion for expedited discovery. The Court heard arguments on September 11, 1987.

I

Very briefly, the facts as alleged by the plaintiff are as follows: On or about November 3, 1986, the Department of the Army, through the United States Army Missile Command (MICOM), Redstone Arsenal, Alabama, issued Request for Proposals No. DAAH01-87-R-0098 (RFP) for the procurement of the TOW II subsystem components for the Bradley Fighting Vehicle comprised of Integrated Sights Units, Digital Command Guidance Electronics, and Turret Cables. Hughes Aircraft Corporation designed and developed the TOW II subsystem and is the first source for the subsystem.

The plaintiff, in conjunction with Chrysler Motors Corporation, submitted a timely offer to MICOM in response to the RFP. Plaintiff believes that four other companies also submitted offers. By letter dated

April 16, 1987, the MICOM contracting officer notified the plaintiff that MICOM had closed all discussions with offerors and that a Best and Final Offer (BAFO) was to be submitted by the end of that month. Plaintiff alleges that MICOM did not conduct technical or price discussions with the plaintiff, but did have such discussions with the other offerors. Plaintiff states that, notwithstanding the above it submitted its BAFO to MICOM, and that its offer was the lowest responsive, responsible offer.

In May, 1987, MICOM informed the plaintiff that discussions were being reopened allegedly to allow offerors the opportunity to correct omissions and/or deficiencies in the offerors' production plans. Later the same month, MICOM indicated that it was requesting a second BAFO in order to evaluate proposals for "technical acceptability." Plaintiff alleges that although there was no justification for a second BAFO, it submitted a second BAFO in June 1987.

By letter dated July 13, 1987, MICOM reopened negotiations for a third time. At the same time, Amendment 0008 was issued. Plaintiff contends that, although 75 pages in length, Amendment 0008 had only a very minimal impact on the price offers. Plaintiff submitted a third BAFO.

Eventually the contract was awarded to Texas Instruments. Plaintiff contends that it should have received the contract based on its first BAFO. Plaintiff contends that the contract was "steered" to Texas Instruments, and that bidding information was leaked to Texas Instruments. Plaintiff makes other allegations which need not be repeated here.

## II

■ The plaintiff seeks to have the Court enter a temporary restraining order. To be entitled to such relief the plaintiff must demonstrate that it is likely to prevail on the merits, that it will suffer irreparable injury if injunctive relief is denied, that the issuance of an injunction would not cause substantial harm to the other parties, and finally, that the entry of an injunction will not be adverse to the public interest. *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 182 U.S.App.D.C. 220, 222, 559 F.2d 841, 843 (1977). "The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other factors." *Id.* In addition, since the plaintiff seeks a temporary restraining order, it must demonstrate that it will suffer *immediate* harm within the next ten days unless injunctive relief is granted.

■ Turning to the question of likelihood of success, the Court notes that plaintiff has made very serious allegations concerning the underlying procurement procedure. While plaintiff may not have all of the underlying information because it has not as yet had an opportunity to engage in discovery, its allegations have, to date, not been formally challenged by the defendants. Indeed, defendants concede that there was a "problem" in the bidding process and that the contracting officer was involuntarily retired from service. The defendants also concede that they did not consider the first BAFO and thus are unable to represent whether plaintiff's first BAFO was the lowest responsive, responsible offer.

It must be noted that the case is before the Court on a motion for a temporary restraining order and that the defendants have not had an opportunity to file a formal written opposition, although, of course, they did oppose the motion at oral argument.

Finally, on the issue of likelihood of success, the Court must take into consideration the admonition of the Court of Appeals. That court, while recognizing that those adversely affected by the award of government contracts have standing to sue, *see Scanwell Laboratories, Inc. v. Shaffer*, 134 U.S.App.D.C. 371, 424 F.2d 859 (1970), observed: "However, they bear a *heavy burden* of showing either that (1) the procurement official's decision on matters committed primarily to his own discretion had no rational basis, or (2) the procurement procedure involved a clear and prejudicial violation of applicable statutes

or regulations." *Kentron Hawaii, Limited v. Warner,* 156 U.S.App.D.C. 274, 277, 480 F.2d 1166, 1169 (1973) (emphasis this Court's, footnotes omitted). After considering the present state of the record and the applicable law, the Court cannot find that the plaintiff has demonstrated that it is likely to prevail on the merits.

Although the plaintiff may not have established that it is likely to prevail on the merits, it may still be entitled to injunctive relief if it has demonstrated that it will suffer irreparable harm if injunctive relief is denied. *See Washington Metropolitan Area Transit Commission, supra,* 182 U.S.App.D.C. at 222, 559 F.2d at 843. In this connection, there is no question that plaintiff has a lot at stake. As it has stated, if it is awarded the contract, it will likely become the second source for the subsystem that is the subject of the offers. But, any relief granted today would last for only ten days, unless extended. Moreover, the Court, considering the nature of the procurement process and the involvement of a weapons system, is reluctant to grant injunctive relief based on the representations and allegations of the plaintiff without having given the defendants an opportunity to present those facts which they feel are relevant. Furthermore, in the event the plaintiff prevails on its motion for a preliminary injunction, or on the merits, the Court can grant the same relief that plaintiff seeks now in its motion for a temporary restraining order. Thus, the Court concludes that plaintiff has not demonstrated that it will suffer immediate irreparable injury.

With respect to other parties and whether they may suffer substantial injury if injunctive relief is granted, the Court notes that Texas Instruments has an interest in this matter and would be adversely affected by a decision granting injunctive relief.

Taking all of these matters into consideration, the Court concludes that the motion for a temporary restraining order should be denied.

### III

 The second motion before the Court is the plaintiff's motion for expedited discovery. It is in the best interest of all parties to have this case resolved as soon as possible. Moreover, the parties are encouraged to either consolidate the hearing on the motion of a preliminary injunction with a hearing on the merits, *see* Fed.R.Civ. P. 65(a)(2), or to file dispositive motions in lieu of a hearing on a motion for a preliminary injunction, assuming the same timetable. The only question before the Court is whether the plaintiff can begin discovery immediately. The Court concludes that it may do so.[1]

In view of the above, it is hereby

ORDERED that plaintiff's motion for a temporary restraining order is denied, and it is further

ORDERED that the plaintiff's motion for expedited discovery is granted.

---

1. The Court addresses only the question of the time when discovery may begin. *See* Fed.R.Civ. P. 30(a) (leave of court required only if the plaintiff seeks to take a deposition prior to 30 days after service of the summons and complaint).