ELLSWORTH ASSOCIATES, INC.; and
Trinh L. Ellsworth; Plaintiffs,

v.

UNITED STATES of America; United
States Small Business Administration;
Philip Lader, Administrator, United
States Small Business Administrator;
Richard W. Naing; Naing International
Enterprises, Ltd.; United States Nation-
al Oceanic and Atmospheric Administra-
tion; and D. James Baker, Administra-
tor, United States National Oceanic and
Atmospheric Administration, Defen-
dants.

Civ. A. No. 96–74.

United States District Court,
District of Columbia.

Feb. 27, 1996.

Joseph Armand Artabane and Kenneth Martin, Washington, DC, for plaintiffs.

Daniel Franklin Van Horn, Assistant United States Attorney for the District of Columbia, with whom Eric J. Holder, United States Attorney for the District of Columbia and David A. Fishman, Trial Attorney were on the briefs for the defendants United States of America; United States Small Business Administration, Philip Lader, Administrator; United States National Oceanic and Atmospheric Administration, and D. James Baker, Administrator.

James H. Hulme and Helen L. Gemmill, Washington, DC, for defendants Naing International Enterprises, Ltd. and Richard W. Naing.

Paralee White and Andrew Mohr the Coalition, Washington, DC, for Contracting Equity.

Pamela J. Mazza and Andrew P. Hallowell, Washington, DC, for the Minority Business Summit Volunteer Committee.

CHARLES R. RICHEY, District Judge.

On February 16, 1996 the Court held a status conference pursuant to Federal Rule of Civil Procedure 16. Present for the plaintiffs were Joseph A. Arbatane and Kenneth Martin. Present for the defendants were Daniel F. Van Horn, James H. Hulme, Helen L. Gemmill, and David Fishman. Present for the non-party movants for leave to file briefs as amicus curiae were Andrew Hallowell and Andrew Mohr.

Before the Court were a number of motions. After hearing arguments by the parties and the non-party movants, the Court granted the plaintiffs' Motion for Expedited Discovery and the non-party movants' Motions for Leave to File a Brief as amicus curiae. The Court denied the Naing defendants' Motion to Dismiss or Stay Pending Arbitration and the Government's Motion for a Protective Order. The Naing defendants indicated that they would file an Interlocutory Appeal that day; they did, together with a Motion for a Stay Pending Appeal. The plaintiffs thereafter filed an Opposition to the Motion to Stay, to which the Naing defendants have replied. Subsequently, the Naing defendants filed a Motion to Dismiss the claims against them.

In order to provide a basis for review of the Court's February 16, 1996 rulings, the Court sets forth below the rationale therefor. In addition, upon careful consideration of the Naing defendants' Motion for a Stay Pending Appeal and the Opposition thereto, the Court shall deny the defendants' Motion. Finally, the Court shall grant the Naing defendants' Motion to Dismiss and dismiss the Naing defendants' Motion to Disqualify Plaintiff's Counsel as moot.

## BACKGROUND

The plaintiffs, a government contractor and the owner thereof, filed a Verified Complaint for preliminary and injunctive relief, declaratory judgment, and money damages against the United States, the Small Business Administration (SBA), the National Oceanic and Atmospheric Administration (NOASA), Naing International Enterprises, and Richard Naing, claiming that they were denied the opportunity to compete for a follow-up contract in violation of the Administrative Procedure Act, the Equal Protection Clause, and 42 U.S.C. § 1981. The plaintiff also asserts two common law claims against Richard Naing: tortious interference with business relations and unjust enrichment.

Ellsworth Associates was the incumbent contractor on Contract No. 50–DDNW–3–00053 with the NOAA. Complaint ¶ 7, 14. That contract expired on January 31, 1996. *Id.* ¶ 21. The Government slated the follow-on work to Contract No. 50–DDNW–3–0053 (the "Follow–On Contract") for award to an 8(a) certified business by total set aside through the SBA's 8(a) Program; by slating the Follow–On Contract for award through the 8(a) Program, the NOAA and the SBA excluded Ellsworth Associates from competing for the follow-on work to Contract No. 50–DDNW–3–00053 by removing the solicitation and award of the Follow–On Contract from free and open competition. *Id.* ¶ 22, 25.

As the incumbent contractor, Ellsworth requested that the Follow–On Contract be opened for competitive bidding from all small businesses regardless of race. *Id.* ¶ 26. The NOAA denied the request. *Id.* The NOAA's contracting specialist, Mark Miller, informed Ellsworth that the Follow–On Contract would be awarded through the 8(a) Program to Naing International. *Id.* The SBA certified Naing International as a participant in the 8(a) Program in January of 1994. *Id.* ¶ 56. Notably, however, the Naing defendants have not yet received any payment for performance of the contract.

The plaintiffs claim that the SBA's 8(a) Program, pursuant to which government contracts and assistance are provided to "economically disadvantaged individuals," and regulations promulgated thereunder, exceeds the authority given to the SBA by Congress, and is unconstitutional in light of *Adarand v. Pena*, —— U.S. ——, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1993), the recent Supreme Court case applying strict scrutiny to a federal set-aside program.

The gravamen of the plaintiffs' claims concern the 8(a) Program's presumption that members of certain minority groups are economically disadvantaged. The plaintiffs argue that there is no compelling justification for using race-based contracting programs for contracting with the NOAA, and that the program is not narrowly tailored, as evidenced by the SBA's decision to certify the Naing International for a follow-on contract designated for the 8(a) Program. The plaintiffs allege that defendant Naing's annual 8(a) Program application contains a number of falsehoods and omissions; these alleged omissions and falsehoods are the basis of the plaintiffs' state law claims against the Naing defendants.

On January 31, 1996, the Court entered a stipulated preliminary scheduling order submitted by the parties, which includes a briefing schedule. The parties have agreed that consideration of the merits of the plaintiffs' claims shall be consolidated with the hearing on the plaintiffs' motion for a preliminary injunction which shall, in turn, be scheduled sometime after April 26, 1996.

As noted, the issues before the Court at the February 16, 1996 hearing concerned five motions. In the first, the plaintiff seeks expedited discovery. The stipulated scheduling order limits the scope of the plaintiffs' request to certain government records concerning the application and processing of the Naing defendants' 8(a) program applications. In response to the plaintiffs' Motion for Expedited Discovery, the federal defendants filed a Motion for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c). Subsequently, the parties filed a stipulated Protective Order.

The Naing defendants filed a Motion seeking to have the case against them dismissed or stayed in favor of on-going arbitration. After the Court denied their Motion at the February 16, 1996 hearing, the Naing defendants filed an interlocutory appeal together with a Motion for a Stay Pending Appeal.

Finally, the Minority Summit Volunteer Committee (MBSVC) and the Coalition for Contracting Equity (CCE), non-profit organizations that promote minority business development, filed Motions for Leave to File an Amicus Brief. The Court considers each of these motions in turn.

## A. The plaintiffs are entitled to expedited discovery because the material they seek is germane to their claims and the discovery they seek will expedite the resolution of this matter; the government defendants have failed to establish good cause for the entry of a protective order with respect thereto.

■ Courts have wide discretion with respect to discovery and Federal Rule of Civil Procedure 34(b) expressly provides that courts may expedite discovery. Because the Court finds that granting the plaintiffs' request would expedite resolution of their claims for injunctive relief and that the government defendants have failed to establish good cause for a protective order, the Court grants the plaintiffs' Motion for Expedited Discovery and denies the government defendants' Motion for a Protective Order.

■ Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings. *See Optic–Electronic Corp. v. United States,* 683 F.Supp. 269, 271 (D.D.C.1987); *Onan Corp. v. United States,* 476 F.Supp. 428, 434 (D.Minn.1979). Thus, courts have routinely granted expedited discovery in cases involving challenges to constitutionality of government action. *See, e.g., Optic–Electronic, supra; Saco Defense Sys. Div. Maremont Corp. v. Weinberger,* 606 F.Supp. 446, 449 (D.Me.1985). The plaintiffs have narrowly tailored their request for expedited discovery, and it appearing that granting their Motion will expedite the resolution of this case, the Court grants the plaintiffs' Motion.

The Court denies the government defendants' Motion for a Protective Order. Federal Rule of Civil Procedure 26 is broadly conceived. With limited exception, it affords parties access to information "reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). One of those limited exceptions allows a court, "for good cause shown," to restrict or prohibit

where necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." FED. R.CIV.P. 26(c). Because the information sought by the plaintiffs appears likely to lead to the discovery of admissible evidence that is, in turn, germane to both the plaintiff's as-applied challenge to the 8(a) Program and the plaintiffs common law claims against the Naing defendants, the defendants' Motion for a Protective Order is denied.

■ A party opposing discovery bears the burden of showing why discovery should be denied. In response to the motion for expedited discovery, the federal defendants filed a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c). Therein they assert that, because the plaintiff is no longer eligible for the 8(a) program, the plaintiffs lack standing to challenge the qualifications of the Naing defendants and that any claim the plaintiffs might have had is moot by virtue of their present ineligibility. The federal defendants also maintain that private parties have no authority to police the 8(a) Program and that any evidence regarding such would be irrelevant to the plaintiffs' claims.

The federal defendants do not establish good cause to deny the plaintiffs' request. Rather, their opposition to the plaintiffs' request delves into the merits of the plaintiffs' claims. As part of a discovery dispute, such arguments are premature. Accordingly, the Court denies the government defendants' Motion for a Protective Order.

**B. The Naing defendants' Motion to Dismiss or, in the alternative to Stay Proceedings Pending Arbitration is denied because the plaintiffs' common law claims against the Naing defendants do not concern the application, interpretation, or performance of the failed Merger Agreement and are therefore outside the scope of the Merger Agreement's arbitration clause.**

■ The causes of action asserted against the Naing defendants fall entirely outside the scope of arbitration clause in the Merger Agreement. Therefore, the Court shall deny the Naing defendants' Motion to Dismiss or Stay Pending Arbitration.

■ It is elementary that "parties to an arbitration agreement cannot be required to submit to arbitration any matter that they did not agree to that manner of dispute resolution." *Davis v. Chevy Chase Financial, Ltd.,* 667 F.2d 160, 165 (D.C.Cir.1981) (citing *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)). Moreover, "[a] party who consents to the inclusion in a contract of a limited arbitration clause does not thereby waive his right to a judicial hearing on the merits of a dispute not encompassed within the ambit of the clause." *Id.* Whether a dispute is properly subject to arbitration is, in turn, a matter of contract. *See Weatherly Cellaphonics v. Hueber,* 726 F.Supp. 319, 321 (D.D.C.1989).

The arbitration clause in the Merger Agreement provides, in relevant part:

9.10 *Arbitration.* The parties shall meet in good faith to resolve any dispute that may arise between them *regarding the application or interpretation of any provision of this Agreement or the performance of any party hereunder.*

\* \* \* \* \* \*

The arbitration clause is therefore limited in scope to those disagreements arising out of or relating to the Merger Agreement itself.

As discussed above, the plaintiffs set forth two causes of action against the Naing defendants: (1) tortious interference with business relations; and (2) unjust enrichment. *See* Verified Complaint Counts VI and VII. Under the theory of tortious interference with business relations

One who intentionally interferes with another's contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary loss of the benefits of the relation, whether the interference consists of:

(a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or

(b) preventing the other from acquiring or continuing the prospective relation.

*Clifford Macklin v. Robert Logan Assoc.*, 334 Md. 287, 297, 639 A.2d 112 (1994) quoting Restatement (Second) of Torts § 766). The elements of a cause of action for unjust enrichments consist of

1. A benefit conferred upon the defendant by the plaintiff;

2. An appreciation or knowledge by the defendant of the benefit; and

3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of value.

*Bennett Heating & Air Conditioning, Inc. et al., v. Nationsbank of Maryland et al.*, 103 Md.App. 749, 764, 654 A.2d 949 (1995). Both of these causes of action sound in tort, not contract.

The factual predicate for the plaintiffs' tort claims arises out of the alleged fraudulent conduct of the Naing defendants leading to the improper award of the NOAA Contract. In contrast, the basis of the Naing defendants' Motion to Dismiss or Stay stems from an existing arbitration between NIE and EAI, relating to a failed merger agreement between those same two entities; the subject matter before the AAA is the status of the failed merger. *See* American Arbitration Association ("AAA") Case No. 16 199 0048 95.

The common law causes of action are wholly separate from the failed merger. The fact that the "non-disclosure" and 8(a) issues are the very issues upon which the plaintiffs predicated their repudiation of the Merger Agreement, *see* October 19, 1995 letter from Philip L. Sbarbaro to Richard N. Gale, attached to Defendant's Reply as Exhibit 2, does not render those issue subject to arbitration. Rather, the determination as to whether the claims are subject to arbitration is governed by the terms of the Merger Agreement itself, not the plaintiff's claims with respect thereto. Thus, the mere fact that the asserted bases for the plaintiffs' tort claims may be proscribed by the terms of the covenants in the Merger Agreement does not mean that the plaintiffs' sole or initial redress must be had via arbitration. Because the claims themselves concern a matter separate from the performance of the Merger Agreement, they are not subject to arbitration. Therefore, the Court denies the Naing defendants' Motion to Dismiss or Stay Pending Arbitration.

## C. The Motions for Leave to File an Amicus Brief.

 The decision whether to allow a non-party to participate as an *amicus curiae* is solely within the broad discretion of the Court. *Clark v. Sandusky*, 205 F.2d 915, 917 (7th Cir.1953); *Waste Management of Pennsylvania v. City of York*, 162 F.R.D. 34, 36 (M.D.Pa.1995); *United States v. Gotti*, 755 F.Supp. 1157, 1158 (E.D.N.Y.1991); *Pennsylvania Environmental Defense Found. v. Bellefonte Borough*, 718 F.Supp. 431, 434 (M.D.Pa.1989); *Leigh v. Engle*, 535 F.Supp. 418, 420 (N.D.Ill.1982). Generally, "a court may grant leave to appear as an *amicus* if the information offered is 'timely and useful.'" *Waste Management*, 162 F.R.D. at 36 (quoting *Yip v. Pagano*, 606 F.Supp. 1566, 1568 (D.C.N.J.1985), *aff'd*, 782 F.2d 1033 (3rd Cir.), *cert. denied*, 476 U.S. 1141, 106 S.Ct. 2248, 90 L.Ed.2d 694 (1986)). Because the Court finds that the non-party movants have a special interest in this litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution of this case, the Court grants the non-party movants' Motions to participate as *amicus curiae*.

## D. The Court denies the Naing defendants' Motion for a Stay Pending Appeal because they have failed to establish that they have a substantial likelihood of success on the merits of their claim.

 The Naing defendants have filed a Motion pursuant to Federal Rule of Civil Procedure 62(c) seeking to stay the action as to them pending appeal of the Court's denial of their Motion to Dismiss or Stay Pending Arbitration. Because the Naing defendants fail to demonstrate that there is a substantial likelihood that they will prevail on the merits of its claim on appeal, the Court shall deny their Motion.

The question whether to issue an injunction pending appeal pursuant to Rule 62(c) is addressed to the discretion of the Court. FED.R.CIV.P. 62(c). The governing considerations are "(1) whether the . . . applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent [relief]; (3) whether issuance of the [injunction] will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). While these factors are to be balanced, *see Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C.Cir.1985) (per curiam), even if the latter three criteria "strongly favor relief, an injunction will issue [only] if the plaintiff has made a 'substantial case on the merits.'" *Sun Ship, Inc. v. Woolsey*, 484 F.Supp. 1348, 1354 (D.D.C. 1979) (quoting *Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977)). The Court concludes that the plaintiff has not made such a case.

The gravamen of the Naing defendants' Memorandum in support of their Motion challenges the Court's interpretation of the pertinent section of the Merger Agreement— the arbitration clause. The Naing defendants do not, however, allege any change in circumstances or novel argument that leads the Court to conclude that they bear a substantial chance of success on appeal, i.e., that the Court erred in determining that the common law claims against the Naing defendants fall outside the scope of the arbitration clause. *See Abrams v. Communications Workers of America*, 702 F.Supp. 920, 925 (D.D.C.1988) (denying motion for injunction pending appeal where motion merely reasserted grounds for relief which were previously rejected), *aff'd*, 884 F.2d 628 (D.C.Cir. 1989), *cert. denied*, 493 U.S. 992, 110 S.Ct. 540, 107 L.Ed.2d 537 (1989). Therefore, the Court denies the Naing defendants' Motion for a Stay Pending Appeal.

**E. The Court shall grant the Naing defendants' Motion to Dismiss the claims against them because the plaintiffs fail to state a claim upon which relief can be granted. Accordingly, the Naing defendants' Motion to Disqualify Plaintiffs' Counsel shall be dismissed as moot.**

In their counts against the Naing defendants, the plaintiffs assert that "[t]he Naing Defendants tortiously interfered with Plaintiffs' business and contract relations with NOAA through their erroneous 8(a) Program certification of eligibility and their false representation to the Federal Defendants of their capability and qualification to perform the Follow–On Contract." Complaint ¶ 97. The plaintiffs claim that they "suffer economic harm and irreparable injury as a result of the Naing Defendants' tortious interference." *Id.* ¶ 98. The plaintiffs also allege that "as a result of the Naing Defendants false representations, and erroneous 8(a) Program certification, the Naing Defendants were slated for award of the Follow–On Contract and were unjustly enriched to Plaintiffs' detriment." *Id.* ¶ 101. Because the plaintiffs fail to allege that the Naing defendants have been awarded the contract or received any payment thereon, and because the plaintiffs do not—indeed cannot—allege that they would have received the Follow–On Contract but for the actions of the Naing defendants, they fail to state a claim against the Naing defendants upon which relief can be granted. Moreover, a necessary predicate to any common law cause of action against the Naing defendants is the administrative disqualification of Naing International as an 8(a) contractor. The certification of Naing International as an 8(a) contractor bars the plaintiffs from pursuing their claims against the Naing defendants.

The plaintiffs assert that Maryland law applies to the state law causes of action against the Naing defendants. Complaint ¶¶ 6, 96, 100. For purposes of the Naing defendants' Motion to Dismiss, it is unnecessary to engage in a choice of law analysis because the laws of the interested states— Maryland, the District of Columbia, and Virginia [1]—are the same or produce the same

---

1. Maryland is the place of business, incorporation, and residence of the Naing defendants, as

result when applied to the facts. *See Eli Lilly & Co. v. Home Ins. Co.*, 653 F.Supp. 1, 4–5 (D.D.C.1984) (federal courts entertaining a diversity action will not engage in choice of law exercise when the laws of the interested states do not conflict with one another or present a "false conflict").

**1. The plaintiffs fails to state a claim for unjust enrichment because the plaintiffs can allege no right to a government contract that has not yet been awarded.**

■ Under Maryland law the elements of a cause of action for unjust enrichments consist of

1. A benefit conferred upon the defendant by the plaintiff;

2. An appreciation or knowledge by the defendant of the benefit; and

3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of value.

*Bennett Heating & Air Conditioning, Inc. et al., v. Nationsbank of Maryland et al.*, 103 Md.App. 749, 764, 654 A.2d 949 (1995). In the District of Columbia, unjust enrichment occurs "when a person retains a benefit (usually money) which in justice and equity belongs to another." *4934, Inc. v. District of Columbia Dep't of Emp. Srvcs.*, 605 A.2d 50, 55 (D.C.App.1992). Virginia law is similar: the action lies when "one person has in his hands money equitably belonging to another." *John C. Holland Enterprises, Inc. v. J.P. Mascaro & Sons, Inc.*, 653 F.Supp. 1242, 1246 (E.D.Va.1987) (citing 2A Michie's Jurisprudence, Assumpsit § 17).

■ The plaintiffs' Complaint fails to satisfy the elements of unjust enrichment as articulated by all three jurisdictions. First, nowhere do the plaintiffs allege that any benefit has been conferred on the Naing defendants *by the plaintiffs*. Rather, any benefit to the Naing defendants would be conferred by the government. Moreover, the Naing defendants have not yet received any benefit and thus have not been enriched, much less *unjustly* so. Directly apposite is the case cited by the plaintiffs in their Complaint. In *Bennett Heating*, building contractors sued the former and current property owners and a bank for unjust enrichment and to vacate the bank's foreclosure sale because it was allegedly tainted by fraud or collusion. *Bennett Heating*, 654 A.2d at 951. The subcontractors claimed that the defendants received the value of their services and materials without adequate compensation. *Id.* at 956.

The court dismissed the unjust enrichment claim, observing that after foreclosure the former owner no longer possess the property and thus retains no benefit from the subcontractors' services and materials. *Id.* at 957. Likewise, because the bank no longer possesses the property and lost money on the sale, it was never "enriched." Finally, the new owner, which purchased the property for fair market value, paid for whatever benefits were conferred by the subcontractor and it would not, therefore, be "unjust" for the new owner to retain those benefits. In any event, even if the foreclosure sale was the product of fraud or collusion, the property would revert back to the original owners and neither the bank nor the new owners would receive any benefit. *Id.* Moreover, it would not be inequitable for the former owners to retain the benefits under the circumstances pleaded by the subcontractors because the plaintiffs did not allege that the property owners, and not the general contractor, was responsible for paying them. *Id.* The plaintiffs' Complaint suffers from similar deficiencies in that the benefit would not have flown from the Naing defendants to the plaintiffs, but from the government.

Furthermore, there is no showing that the plaintiffs had any right to the benefit, i.e., the Follow–On Contract, if it were not awarded to Naing International. In this regard, *John C. Holland, supra*, is apposite. In that case, a disappointed bidder on a government small

well as the place of performance for the Follow–On Contract. Virginia is the place of the plaintiffs' place of business, incorporation, and residence; also, Virginia law is the governing under

the parties' arbitration agreement. Finally, the District of Columbia is the place from which the contract issued in addition to being the law of this forum.

business set-aside filed a statutory protest challenging the successful bidder's qualifications as a small business enterprise. *John C. Holland,* 653 F.Supp. at 1243. A year later, after the successful bidder performed and was paid for the contract, the SBA found that the successful bidder was not a small business. The disappointed bidder then sued the successful bidder for unjust enrichment, claiming that the plaintiff would have received the contract but for the defendants' false certification that the defendant business qualified as a small business. *Id.* at 1246.

The United States District Court for the Eastern District of Virginia held that, in order to state a cause of action for unjust enrichment, the plaintiff "must demonstrate that the plaintiff had a preexisting *right* to that fund." *Id.* (citing *City of Norfolk v. Norfolk County,* 120 Va. 356, 91 S.E. 820, 826 (1917)) (emphasis in original). As both state and federal courts have recognized, no party has a right to a government contract prior to its award. *John C. Holland,* 653 F.Supp. at 1246 (citations omitted). The court explained that

> [A] finding that the disappointed bidder would have received the contract 'but for' the misrepresentations of the successful bidder does not constitute a finding that the disappointed bidder has a right to that contract and thus, to the proceeds therefrom even assuming the proceeds would be the same, which does not necessarily follow. Without such a preexisting right, no cause of action for unjust enrichment may be brought against a third party in Virginia.

*Id.* at 1246.

A similar result obtained in *Savini Const. Co. v. Crooks Bros. Const. Co.,* 540 F.2d 1355 (9th Cir.1974). In *Savini,* the Ninth Circuit refused to infer from the provisions of the Small Business Act a private cause of action for lost profits by the next lowest bidder against the successful bidder, even when the successful bidder was later found by the SBA to have misrepresented its qualifications. *Id.* at 1359. The court noted that it would be impossible to determine with any certainty that the contract would have been awarded to the plaintiffs but for the alleged wrongdo-

ing. *Id.* at 1359 n. 9. In fact, the government was free to reject *all* bids for the contract. *Id.*

Likewise, the plaintiffs in the instant case do not and cannot allege that, "but for" the Naing defendants actions, they would have received the Follow–On Contract. With that linchpin missing, there is no basis for concluding that Naing International received or would receive a benefit that the plaintiffs are or would be entitled to. Therefore, the plaintiffs fails to state a claim for unjust enrichment upon which relief can be granted.

**2. The plaintiffs fail to state a claim for tortious interference with business relations because they do not and cannot allege that they would have received the Follow–On Contract and because they fail to allege that the Naing defendants engaged in any intentional acts calculated to cause damage to the plaintiffs.**

Under the theory of tortious interference with business relations

> One who intentionally interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from the loss of the benefits of the relation, whether the interference consists of:
>
> (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or
>
> (b) preventing the other from acquiring or continuing the prospective relation.

*Clifford Macklin v. Robert Logan Assoc.,* 334 Md. 287, 297 n. 7, 639 A.2d 112 (1994) (quoting Restatement (Second) of Torts § 766); *see Genetic Systems Corp. v. Abbott Laboratories,* 691 F.Supp. 407, 422 (D.D.C.1988) (elements of tortious interference with prospective business relation are (1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part of the defendant; (3) intentional interference inducing a breach or termination of the relationship or expectancy; and (4) resultant damage); *CACI Int'l, Inc.*

*v. Pentagen Tech. Int'l, Ltd,* Nos. 94–2058, 94–2220, 1995 WL 679952, 4, 5, 1995 U.S.App. LEXIS 32067, at \*12–13 (4th Cir. Nov. 16, 1995) (setting forth same elements under Virginia law).

As discussed above in connection with the plaintiffs unjust enrichment claim, the plaintiffs do not and cannot allege any expectancy that Ellsworth Associates would have received the NOAA Follow–On Contract. *See CACI Int'l,* 1995 WL 679952, at 5, 1995 U.S.App. LEXIS 32067, at \*14 (finding no reasonable expectancy because the plaintiff failed to show "at best, speculative contractual expectations"); *Klein v. Grynberg,* 44 F.3d 1497, 1506 (10th Cir.1995) (tortious interference requires reasonable likelihood that contract would have resulted and not just mere hope); *Fishman v. Estate of Wirtz,* 807 F.2d 520, 545 (7th Cir.1986) (no tortious interference when plaintiff had no unconditional right under the contract, but only a mere expectancy prior to third party approval). Furthermore, the plaintiffs fail to allege that the Naing defendants engaged in any intentional acts "calculated to cause damage to the plaintiffs." Therefore, the plaintiffs fail to state a claim for tortious interference.

3. **The plaintiffs do not allege that Naing International has been disqualified from the 8(a) Program by the SBA; such a disqualification is a prerequisite to the plaintiffs' claims against the Naing defendants.**

A prerequisite to any such common-law claims against an 8(a) contractor is the administrative disqualification of the same. The "key to such a case . . . [is] that the first low bidder who received the contract was not qualified as a small business under the Act, and was therefore ineligible to receive the contract." *Ferguson–Williams, Inc. v. BAMSI, Inc.,* 782 F.2d 940, 941 (11th Cir. 1986). Thus, the plaintiff must plead, as an element of their case, that the SBA has found the defendant ineligible for the federal set-aside contract.

In the instant case no such finding has been made. Naing International is presently certified as an 8(a) contractor. This certifi-cation bars the plaintiffs from pursuing their claims against the Naing defendants. *Ferguson–Williams,* 782 F.2d at 941 ("[T]he SBA's determination that BAMSI qualified as a small business under its regulations, eliminated the possibility of any state action based on misrepresentation, fraud, or unjust enrichment."). Therefore, such claims are subject to dismissal for failure to state a claim. Accordingly, the Court will grant the Naing defendants' Motion to Dismiss.

## CONCLUSION

Upon careful consideration of the parties' pleading, the entire record herein, and the law applicable thereto, the Court shall enter an Order consistent with the foregoing Memorandum Opinion denying the Naing defendants' Motion for a Stay Pending Appeal and granting the Naing defendants' Motion to Dismiss.

## ORDER

Upon consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, and for the reasons stated in the Court's Memorandum Opinion entered this date in the above-captioned case, it is, by the Court, this 26th day of February, 1996,

ORDERED that the Naing defendants' Motion for a Stay Pending Appeal shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that the Naing defendants' Motion to Dismiss shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the Naing defendants' Motion to Disqualify Plaintiffs' Counsel shall be, and hereby is, DISMISSED as MOOT.