**ELLSWORTH ASSOCIATES, INC.; and Trinh L. Ellsworth; Plaintiffs,**

v.

**UNITED STATES of America; United States Small Business Administration; Philip Lader, Administrator, United States Small Business Administrator; Richard W. Naing; Naing International Enterprises, Ltd.; United States National Oceanic and Atmospheric Administration; and D. James Baker, Administrator, United States National Oceanic and Atmospheric Administration, Defendants.**

Civil Action No. 96–74.

United States District Court, District of Columbia.

May 28, 1996.

Joseph A. Arbatane, Kenneth Martin, and Kurt M. Rylander, of Riley & Artabane, Washington, DC, for plaintiffs.

Eric H. Holder, United States Attorney for the District of Columbia and Daniel F. Van Horn, Assistant United States Attorney for the District of Columbia, with whom Deval L. Patrick, Assistant Attorney General, Isabelle Katz Pinzler, Deputy Assistant Attorney General, Richard S. Ugelow, Jay Adelstein, and Michael Zubrensky, Employment Litigation Section, Civil Rights Division, United States Department of Justice, Eric S. Benderson and Gary Fox, United States Small Business Administration, and Mark Langstein, United States Department of Commerce, were on the briefs, for federal defendants.

Pamela J. Mazza and Andrew Hallowell of Piliero, Mazza & Pargament, Washington, DC, for amicus curiae Minority Summit Volunteer Committee.

Paralee White and Andrew Mohr of Cohen & White, Washington, DC, for amicus curiae Coalition for Contracting Equity.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court in the above-captioned case are the plaintiffs' and the federal defendants' cross-Motions for Summary Judgment; the defendants style their Motion in the alternative as a Motion to Dismiss. Amici have filed briefs in support of the federal defendants' Motion. Upon careful consideration of the parties' pleadings, the briefs submitted by amici, the entire record herein, and the law applicable thereto, the Court shall grant the federal defendants' Motion to Dismiss.

### BACKGROUND

The plaintiffs, a government contractor and the owner thereof, filed a Verified Complaint for preliminary and injunctive relief, declaratory judgment, and money damages against the United States, the Small Business Administration (SBA), the National Oceanic and Atmospheric Administration (NOAA), Naing International Enterprises, and Richard Naing, claiming that they were denied the opportunity to compete for a contract for computer support services in violation of the Administrative Procedure Act, the Equal Protection Clause, and 42 U.S.C. § 1981. The plaintiff also asserted two common law claims against the Naing defendants: tortious interference with business relations and unjust enrichment. The claims against the Naing defendants were dismissed by the Court under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. *See Ellsworth Associates, Inc. v. United States,* 917 F.Supp. 841 (D.D.C.1996).

As discussed in the Court's earlier Opinion, Ellsworth Associates was the incumbent contractor on Contract No. 50–DDNW–3–00053 with the NOAA. Complaint ¶ 7, 14. That contract expired on January 31, 1996. *Id.* ¶ 21. The Government slated the follow-on work to Contract No. 50–DDNW–3–0053 (the "Follow–On Contract") for award to an 8(a) certified business by total set aside through the SBA's 8(a) Program; by slating the Follow–On Contract for award through the 8(a) Program, the NOAA and the SBA excluded Ellsworth Associates from competing for the follow-on work to Contract No. 50–DDNW–3–00053 by removing the solicitation and award of the Follow–On Contract from free and open competition. *Id.* ¶ 22, 25.

As the incumbent contractor, Ellsworth requested that the Follow–On Contract be opened for competitive bidding from all small businesses regardless of race. *Id.* ¶ 26. The NOAA denied the request. *Id.* The NOAA's contracting specialist, Mark Miller, informed Ellsworth that the Follow–On Contract would be awarded through the 8(a) Program to Naing International. *Id.* The SBA certified Naing International as a participant in the 8(a) Program in January of

1994. *Id.* ¶ 56. However, the Naing defendants have not yet received any payment for performance of the contract.

The plaintiffs claim that the SBA's 8(a) Program, pursuant to which government contracts and assistance are provided to "economically disadvantaged individuals," and regulations promulgated thereunder, exceed the authority given to the SBA by Congress, and is unconstitutional in light of *Adarand v. Pena,* —— U.S. ——, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1995), the recent Supreme Court case applying strict scrutiny to a federal set-aside program.

Under the Section 8(a) Program, the SBA may award government procurement contracts to "socially and economically disadvantaged small business concerns." 15 U.S.C. § 637(a). In order to obtain certification, a small business must first be small. A business is considered small if it is independently owned and operated, not dominant in its field of operation, and satisfies certain standards regarding the number of employees and gross receipts for its particular industry. 15 U.S.C. § 632(a)(1)–(2).

Second, it must be majority owned or controlled by one or more socially and economically disadvantaged individuals. 15 U.S.C. § 637(a)(4). An individual is considered "socially disadvantaged" if that individual has been "subjected to racial or ethnic prejudice or cultural bias because of their identity as a member of a group." 15 U.S.C. § 637(a)(5); 13 C.F.R. § 124.105. An individual is considered "economically disadvantaged" if he or she is a "socially disadvantaged individual whose ability to compete in the free enterprise system has been impaired due to diminished capital and credit opportunities as compared to others in the same business area who are not socially disadvantaged." 15 U.S.C. § 637(a)(6)(A).

By regulation, African Americans, Hispanic Americans, Native Americans, Asian Pacific Americans, and Subcontinent Asian Americans enjoy a rebuttable presumption of social disadvantage. 13 C.F.R. § 124.105(b). However, members of racial groups that do not enjoy the presumption may nonetheless establish their social disadvantage by presenting clear and convincing evidence of such. 13 C.F.R. § 124.105(c).

In any event, an individual whose net worth exceeds $250,000 is ineligible for certification, 13 C.F.R. § 124.106(a)(2)(i), and any individual whose net worth subsequently exceeds $750,000 is ineligible for continued participation in the Program, 13 C.F.R. § 124.111(a)(2)(ii). Participation in the Program is limited to a maximum period of nine years. 15 U.S.C. § 636(j)(10)(C); 13 C.F.R. § 124.111(a). A participant in the Program my "graduate" therefrom prior to the expiration of this period if it substantially achieves the goals set forth in its business plan. 13 C.F.R. § 124.208(a).

As noted above, Ellsworth Associates was ineligible for participation in the Program because its period of eligibility for participation had expired. Now that Ellsworth has exhausted its eligibility for the Program, it seeks, by way of a constitutional challenge, to open the NOAA computer support services contracting process to open competition.

The gravamen of the plaintiffs' claims concern the 8(a) Program's presumption that members of certain minority groups are economically disadvantaged. The plaintiffs argue that there is no compelling justification for using race-based contracting programs for contracting with the NOAA, and that the program is not narrowly tailored, as evidenced by the SBA's decision to certify the Naing International for a follow-on contract designated for the 8(a) Program. The plaintiffs allege that defendant Naing's annual 8(a) Program application contains a number of falsehoods and omissions; these alleged omissions and falsehoods were the basis of the plaintiffs state law claims against the Naing defendants. The plaintiffs also allege that the decision by the federal defendants to award the follow-on contract to Naing International was, in light of this misinformation, arbitrary and capricious and therefore violative of the APA.

Because Ellsworth was ineligible to participate in the Program by virtue of the expiration of its eligibility rather than because of the alleged unconstitutionality of the regulation, the plaintiffs lack standing to challenge the Program or its administration by the

federal defendants. Accordingly, the Court shall grant the defendants Motion.

## DISCUSSION

I. THE PLAINTIFFS DO NOT HAVE STANDING TO CHALLENGE THE CONSTITUTIONALITY OF THE 8(a) PROGRAM OR 13 C.F.R. § 124.105(b) BECAUSE THEIR INABILITY TO COMPETE FOR THE FOLLOW–ON CONTRACT IS NOT FAIRLY TRACEABLE TO THE ALLEGED CONSTITUTIONAL INFIRMITY OF EITHER.

■ In order to have standing to challenge the constitutionality of the 8(a) Program or its administration, the plaintiff must demonstrate inter alia a nexus between the injury of which they complain, i.e., their inability to compete for the Follow–On Contract, and the object of their challenge, i.e., the alleged infirmity of the Program and its implementing regulation. The plaintiffs, former participants in the Program, are ineligible for continued participation therein because the period of their eligibility has expired. Therefore, their "injury" is traceable solely to the statutory provision limiting participation to nine years. Because the plaintiffs' inability to compete for the Follow–On Contract is not fairly traceable to the actions of the defendants, the plaintiff lacks standing to challenge the constitutionality of the 8(a) Program or 13 C.F.R. § 124.105(b).

■ The notion of standing, which constitutes part of the Article III case and controversy limitation on the jurisdiction of federal courts, "focuses on the party seeking to get [a] complaint before a federal court and not on the issues [the party] wishes to have adjudicated." *Flast v. Cohen,* 392 U.S. 83, 98, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968). "The irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).

First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of— the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not th[e] result of the independent action of some third party not before the court. Third, it must be likely as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 560, 112 S.Ct. at 2136 (citations, internal quotations and footnotes omitted).

Although the plaintiffs identify an alleged injury, i.e., their inability to compete for the Follow–On Contract violates their equal protection rights under the Fifth Amendment (which, in turn, serves as the substantive predicate of their claim under 42 U.S.C. § 1981), they fail to satisfy the second element of standing. For the plaintiffs' inability to compete for the Follow–On Contract to be attributable to the defendants, it must be "fairly traceable" to the defendants' action. *Allen v. Wright,* 468 U.S. 737, 757, 104 S.Ct. 3315, 3327–28, 82 L.Ed.2d 556 (1984). The plaintiffs' injury stems from the fact that they are no longer eligible to participate in the 8(a) Program. This reason is unrelated to the plaintiffs' race or any discriminatory contracting decision. Stated another way, the plaintiffs' inability to bid on the Follow–On Contract rests on a racially neutral and constitutionally unassailable ground.

Moreover, even if the presumption were unconstitutional, the 8(a) Program, including the wholly race-neutral statutory provision limiting participation to nine years, would still remain intact. It would merely be shorn of the presumption, which is to say that would-be participants formerly entitled to the rebuttable presumption would occupy the same position as those who are required to establish their social and economic disadvantage by clear and convincing evidence in order to garner certification. Given that the plaintiffs are no longer eligible to receive any contract that has been reserved for the 8(a) Program, the selection of Naing International or any other 8(a) Program participant to perform the Follow–On Contract results in no legally-cognizable injury to the plaintiffs.

*See ITT World Communications v. FCC*, 699 F.2d 1219, 1230 & nn. 64, 67 (D.C.Cir.1983), *rev'd on other grounds*, 466 U.S. 463, 104 S.Ct. 1936, 80 L.Ed.2d 480 (1984); *Control Data Corp. v. Baldrige*, 655 F.2d 283, 291–93 (D.C.Cir.), *cert. denied*, 454 U.S. 881, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981).

II. THE PLAINTIFFS LACK STANDING UNDER THE APA TO CHALLENGE THE 8(a) PROGRAM OR THE DECISION TO AWARD THE FOLLOW–ON CONTRACT TO ANOTHER CONTRACTOR.

■■■■ While a disappointed bidder may have standing to challenge the award of a contract to another bidder, *see National Fed. of Employees v. Cheney*, 883 F.2d 1038, 1053–54 (D.C.Cir.1989), *cert. denied*, 496 U.S. 936, 110 S.Ct. 3214, 110 L.Ed.2d 662 (1990), this applies only to those parties who are "within the zone of active consideration" for award of the contract at issue. *See Ralvin Pacific Properties, Inc. v. United States*, 871 F.Supp. 468, 472 (D.D.C.1994); *Energy Transp. Group, Inc. v. Skinner*, 752 F.Supp. 1, 6–7 (D.D.C.1990), *aff'd*, 956 F.2d 1206 (D.C.Cir.1992). As discussed above, the plaintiffs are ineligible for award of any contract that has been reserved for the 8(a) Program. Therefore, they are outside the zone of active consideration for the Follow–On Contract and do not have standing under the APA to challenge the Program or the award of a contract thereunder.

### CONCLUSION

Upon careful consideration of the parties pleadings, the entire record herein, and the law applicable thereto, the Court shall enter an Order consistent with the foregoing Memorandum Opinion granting the federal defendants' Motion to Dismiss. All other pending Motions shall accordingly be dismissed as moot.

### ORDER

Upon consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, and for the reasons stated in the Court's Memorandum Opinion entered this date in the above-captioned case, it is, by the Court, this 24th day of May 1996,

ORDERED that the federal defendants' Motion to Dismiss shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that any and all other pending Motions in this case shall be, and hereby are, DISMISSED as MOOT; and it is

FURTHER ORDERED that this case shall stand as dismissed from the dockets of this Court.