Dean GINEST, et al., Plaintiffs,

v.

**BOARD OF COUNTY COMMISSIONERS OF CARBON COUNTY, et al., Defendants.**

No. CIV.C86–0310–J.

United States District Court, D. Wyoming.

Feb. 10, 2004.

Thomas A. Thompson, Rawlins, WY, for Plaintiffs.

Stephen L. Pevar, Hartford, CT, for Defendants.

### ORDER ALLOWING DISCOVERY OF INMATE MEDICAL INFORMATION

ALAN B. JOHNSON, District Judge.

Plaintiffs have filed a motion seeking to hold Defendants in contempt of court for violating four requirements of this Court's 1987 Consent Order and Decree. Three of these requirements concern the right of inmates to receive proper medical care, specifically: (1) the right to adequate psychiatric and psychological care, (2) the right to accurate and adequate medical records, and (3) the right to proper dispensing of prescription medication.

■ Plaintiffs' contempt motion alleges that Defendants' health care program suffers from three systematic deficiencies, each of which, they claim, violates the Consent Decree and the Eighth Amendment. It is well established in class actions of this nature that an Eighth Amendment violation may be established by showing repeated instances of patients receiving improper health care-a pattern and practice of medical mistreatment. *See Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir.1980); *French v. Owens,* 777 F.2d 1250, 1254 (7th Cir.1985); *Todaro v. Ward,* 565 F.2d 48, 52 (2d Cir.1977).

■ Defendants have taken the position that no inmate medical records will be produced unless class counsel first submits a signed release from the inmate whose files are sought. Defendants have denied class counsel's requests for medical information in each instance in which a signed release has not been tendered.

Courts are virtually unanimous in holding that class counsel in institutional litigation of this nature has a right to examine client medical records to determine whether a systemic failure exists in the institution's health care system. *See Doe v. Meachum,* 126 F.R.D. 444, 450 (D.Conn. 1989) (compelling jail to produce inmate medical records in class action litigation involving HIV health care); *N.O. v. Callahan,* 110 F.R.D. 637, 646–47 (D.Mass.1986) (allowing access to medical records of students in school for the mentally retarded); *Garrity v. Thomson,* 81 F.R.D. 633, 635–36 (D.N.H.1979) (similar); *Lora v. Bd. of Educ. of City of New York,* 74 F.R.D. 565 (E.D.N.Y.1977) (allowing access to diagnostic and referral files of mentally handicapped children).

■ Admittedly, the custodian of these medical records (the institution) and the patients themselves have a privacy interest in keeping those records confidential. However, in class action institutional litigation of type at issue here, "the individual privacy interest and state policies, through cognizable, cannot prevail either as a constitutional or federal evidentiary matter." *Lora,* 74 F.R.D. at 584. *Accord: N.O. v. Callahan,* 110 F.R.D. at 646–47; *Garrity,* 81 F.R.D. at 635–36. Individual and state

**1160**

privacy interests must yield to the federal interest in discovering whether public officials and public institutions are violating federal civil rights. "[I]n a civil rights action brought pursuant to a federal claim, state statutory privileges are not binding." *Doe v. Meachum*, 126 F.R.D. at 449. In reaching this conclusion, the Court is influenced by the fact that disclosure of the requested medical information "is sought by professionals whose purpose it is to protect the constitutional rights of the Plaintiff class," and class counsel will keep the information confidential except to the extent that disclosure is necessary to advise the Court of violations of federal law. *See Doe*, 126 F.R.D. at 449.

Accordingly, the Court grants Plaintiffs' motion seeking to discover medical information relating to the Plaintiff class, although this information shall be kept confidential except to the extent necessary to advise the Court of any violations of federal law. Defendants should therefore produce the medical files and provide medical information relating to members of the Plaintiff class. In addition, Plaintiffs' counsel is entitled to depose all persons, including private physicians and other health care providers, who have given medical care, assistance, or advice to a member of the Plaintiff class concerning that patient, regardless of whether class counsel first submits a release signed by the patient about whom the information is being sought.

This issues addressed in this order were presented to the Court in a hearing held August 13, 2003, at which time the Court issued an oral ruling from the Bench. The Court now issues its written Order.