Yvonne **DORRAH**, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

No. C11–4070–DEO.

United States District Court,
N.D. Iowa,
Western Division.

July 31, 2012.

Robert B. Deck, Deck Law, Sioux City, IA, for Plaintiff.

Stephanie Johnson Wright, U.S. Attorney's Office, Cedar Rapids, IA, for Defendant.

## ORDER

LEONARD T. STRAND, United States Magistrate Judge.

This matter is before the court on defendant's July 2, 2012, motion (Doc. No. 25) for leave to conduct limited discovery. Plaintiff filed a resistance (Doc. No. 26) on July 12, 2012. The court conducted a telephonic hearing on July 25, 2012. Plaintiff appeared via attorney Robert Deck and defendant appeared via attorney Stephanie Wright. The matter is now fully submitted.[1]

### *PROCEDURAL HISTORY*

Plaintiff filed her complaint (Doc. No. 2) on August 12, 2011. She alleges she was injured on August 1, 2009, as a result of a trip-and-fall accident while attending an air show sponsored by the 185th Air Refueling Wing of the Air National Guard in Sioux City. She further alleges defendant was negligent and breached its duty of care to her and that this negligence or breach of duty was the sole proximate cause of her damages.

On October 14, 2011, defendant filed a motion to dismiss (Doc. No. 6) pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of subject-matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief may be granted). Defendant contends the court lacks subject matter jurisdiction under 28 U.S.C. § 1346(b)(1) because a private person would not "be liable to the claimant in accordance with the law of the place where the act or omission occurred." In support of this argument, defendant relies on Iowa's Recreational Use Act, IOWA CODE § 461C.1, *et seq.* ("RUA"). Defendant contends the RUA creates tort immunity for the negligent acts of a landowner who opens his or her land to the public free of charge for recreational use. Defendant further contends this immunity applies to the air show at issue, as the event was a "recreational use" and the public was allowed to attend free of charge. As such, according to defendant, subject matter jurisdiction is lacking because a private person would be immune

---

1. During the hearing, the court noted defendant failed to comply with Local Rule 37(b) in that its motion did not include, as attachments, the discovery requests discussed in defendant's motion. Counsel for defendant submitted the requests to the court after the hearing.

from liability under the circumstances present in this case.[2]

Defendant also contends dismissal under Rule 12(b)(6) is mandated because it cannot be liable absent a "willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity." Doc. No. 6–1 at 9 (*quoting* IOWA CODE § 461C.6(1)). Because plaintiff has alleged only negligence, and not "willful or malicious" conduct, defendant contends the complaint fails to state a claim upon which relief may be granted.

Plaintiff filed a resistance (Doc. No. 7) to defendant's motion to dismiss on October 31, 2011. She argues, *inter alia*, that she is entitled to engage in discovery on the issue of whether the air show was a "recreational use" under the RUA. Plaintiff notes that although no admission fee was charged, the event may have been of a commercial, for-profit nature because food vendors were available and defendant barred attendees from bringing coolers and backpacks. Doc. No. 7–1 at 3. Plaintiff asks the court to either overrule the motion to dismiss or to hold it in abeyance until the completion of discovery.

On March 13, 2012, the Honorable Donald E. O'Brien issued an order (Doc. No. 17) in this case holding that "providers of recreational activities who are primarily commercially motivated are not entitled to recreational use immunity." Doc. No. 17 at 12. He further held that limited discovery is appropriate "if there is a plausible question as to whether or not the recreational use was commercially motivated, and such information is uniquely in defendant's control." *Id.* As such, Judge O'Brien ordered:

> ... Plaintiff has forty-five days to conduct discovery related to the economic benefits Defendant derived from hosting the Air Show. Such discovery shall be reasonably limited to determining whether Defendant's purpose for holding the Air Show was motivated by a commercial or public service purpose.

Doc. No. 17 at 12–13. Defendant filed a motion (Doc. No. 18) to reconsider this order.

The court entered an order (Doc. No. 20) staying discovery pending resolution of the motion to reconsider. On May 16, 2012, the court entered an order (Doc. No. 22) denying defendant's motion to reconsider and lifting the stay of discovery.

In accordance with Judge O'Brien's March 13, 2012, order, plaintiff served interrogatories and requests for the production of documents on defendant on March 20, 2012. Due to various extenuating circumstances, including the overseas deployment of one person with relevant knowledge and the maternity leave of another person with relevant knowledge, defendant sought and obtained an order (Doc. No. 24) extending its deadline for responding to discovery to October 19, 2012.

Meanwhile, on March 27, 2012, defendant served written discovery requests on plaintiff. Those requests include fourteen interrogatories and three document requests. Over the next three months, counsel had various communications concerning the timing of discovery and extensions of deadlines. On June 13, 2012, plaintiff's counsel directed an email message to defendant's counsel indicating that plaintiff did not intend to respond to defendant's discovery requests and would not agree to be deposed. Doc. 25–3 at Ex. B. Plaintiff's counsel explained that Judge O'Brien's order of March 13, 2012, authorized discovery by plaintiff, not by defendant. *Id.* Plaintiff then served a formal objection to defendant's discovery requests on June 14, 2012. Doc. 25–3 at Ex. A.

Defendant filed its present motion for leave to conduct limited discovery on July 2, 2012. Defendant contends it has the right to conduct discovery at this time and further asserts that the discovery requests served on March 27, 2012, seek relevant information. Defendant asks for entry of an order allowing it to "conduct discovery on issues relating only to the economic relationship between the plaintiff and defendant as it relates to [the RUA]." Doc. No. 25–1 at 10. According to defendant, this would include the written interrogatories and document requests it

---

**2.** Defendant submitted an affidavit in support of its motion to dismiss and noted that the court is permitted to consider matters outside the pleadings in analyzing a motion to dismiss for lack of subject matter jurisdiction. Doc. No. 6–1 at 3 (*citing Osborn v. United States,* 918 F.2d 724, 729–30 (8th Cir.1990)).

previously served, plus "a deposition of plaintiff." *Id.* at 3.

In her resistance, plaintiff contends defendant had no right or authority to serve the discovery requests at issue. Doc. No. 26–1 at 1. Plaintiff also contends that the discovery sought by defendant would be burdensome and oppressive. *Id.* at 2.

## ANALYSIS

Federal Rule of Civil Procedure 26(d)(1) states as follows:

> **Timing.** A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

In this case, defendant does not contend that the parties have already conducted a Rule 26(f) conference. Nor have the parties submitted a proposed scheduling order and discovery plan. As such, neither party may seek discovery from any source unless otherwise authorized by the rules of procedure, by stipulation or by court order. *See* Fed. R.Civ.P. 26(d)(1).

Here, plaintiff did receive express authorization to conduct limited discovery by virtue of Judge O'Brien's March 13, 2012, order. As such, plaintiff was entitled to seek discovery within the limited scope established by that order. On the other hand, defendant received no authorization to seek discovery. Defendant could have, and should have, obtained leave of court prior to serving interrogatories and document requests on plaintiff. Because defendant failed to do so, plaintiff had the right to object to defendant's discovery requests and refuse to provide responses.

 Defendant has now done what it should have done before serving discovery requests—asked the court for leave to conduct discovery. The court will treat defendant's current motion as a motion for early discovery under Rule 26(d)(1). Courts apply either a "good cause" standard or a preliminary injunction standard to evaluate such a motion. *Monsanto Co. v. Woods,* 250 F.R.D.

411, 413 (E.D.Mo.2008). The Eighth Circuit has not expressly adopted either standard. *Cook v. Williams,* 2009 WL 3246877, at *1 (E.D.Mo. Oct. 6, 2009). A majority of courts use the good cause standard, including other federal district courts within the Eighth Circuit. *See Progressive Casualty Insurance Co. v. Federal Deposit Insurance Corp.,* 2012 WL 2870148, at *1 (N.D.Iowa July 11, 2012). The court will therefore analyze defendant's motion under the good cause standard.

 Under this standard, "the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to [the] responding party." *Monsanto Co.,* 250 F.R.D. at 413. The court will examine the entirety of the record to date and the reasonableness of the request in light of surrounding circumstances. *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. O'Connor,* 194 F.R.D. 618, 624 (N.D.Ill.2000). "Expedited discovery is not the norm." *Id.* at 623.

Here, Judge O'Brien allowed plaintiff to conduct limited, early discovery because the issue of whether the air show was "primarily commercially motivated" is relevant to the court's determination of defendant's motion to dismiss. Doc. No. 17 at 12. Defendant contends that it, too, should be allowed to conduct discovery on this issue. Defendant's premature written discovery requests to the plaintiff were focused primarily on the issue of whether plaintiff, or any person who accompanied her, made purchases from any vendors while plaintiff attended the air show.

 After reviewing the legal authorities and arguments advanced by both parties in their briefing on defendant's pending motion to dismiss, the court has serious doubts as to the relevance of plaintiff's own economic activity (or lack thereof) at the air show. At the same time, however, the court notes that defendant's interrogatories are not particularly burdensome. Many call for "yes" or "no" answers, while others simply request a list of any items plaintiff purchased during the air show. Thus, while relevance at this stage of the case is questionable, the burden of providing this basic information is slight.

This is especially true in light of the fact that the court has already extended the deadline for discovery responses to October 19, 2012. Plaintiff will have nearly three months to gather and supply a very limited scope of information. Because there is at least some chance that this information could be relevant to defendant's pending motion to dismiss, the court finds good cause to require that plaintiff answer the fourteen written interrogatories previously served by the defendant.

With regard to the document requests served by defendant, the court finds that request no. 1 is overly broad and exceeds the limited scope of information that may have potential relevance at this stage of the case. Plaintiff need not respond to that request. Defendant's other two document requests are of a more-limited scope and do not appear to create any particular burden on the plaintiff. The court finds good cause to require that plaintiff respond to document requests nos. 2 and 3.[3]

Finally, defendant has requested a deposition of the plaintiff but has failed to explain why such a deposition is necessary at this stage of the case. Because the court will require plaintiff to answer defendant's interrogatories, the court does not find good cause to permit defendant to take plaintiff's deposition at this time.

### CONCLUSION

Based on the foregoing, defendant's motion for leave to conduct limited discovery (Doc. No. 25) is hereby **granted in part** and **denied in part,** as follows:

1. On or before October 19, 2012, plaintiff shall serve answers to the fourteen interrogatories served by defendant on or about March 27, 2012.

2. On or before October 19, 2012, plaintiff shall serve written responses, along with any responsive documents, regarding defendant's document request nos. 2 and 3, served by defendant on or about March 27, 2012.

3. Defendant's request to depose plaintiff at this stage of the case is denied.

4. Defendant shall serve no further discovery requests, nor shall it seek to take any depositions, until either (a) a scheduling order and discovery plan has been entered by the court or (b) defendant obtains leave of court to do so.

**IT IS SO ORDERED.**

---

**3.** Document request no. 2 makes reference to defendant's "requests for admissions herein."

The court has not been provided with copies of any requests for admissions served by defendant.