**OGLALA SIOUX TRIBE and Rosebud Sioux Tribe, as parens patriae, to protect the rights of their tribal members; and Rochelle Walking Eagle, Madonna Pappan, and Lisa Young, individually and on behalf of all other persons similarly situated, Plaintiffs,**

v.

**Luann VAN HUNNIK; Mark Vargo; Hon. Jeff Davis; and Kim Malsam–Rysdon, in their official capacities, Defendants.**

CIV. No. 13–5020–JLV.

United States District Court,
D. South Dakota,
Western Division.

Signed Jan. 28, 2014.

Dana Hanna, Rapid City, SD, Stephen L. Pevar, ACLU Foundation, Hartford, CT, Rachel E. Goodman, ACLU, New York, NY, for Plaintiffs.

Robert L. Morris, Morris Law Firm, Belle Fourche, SD, J. Crisman Palmer, Sara Frankenstein, Gunderson, Palmer, Nelson & Ashmore, LLP, Nathan R. Oviatt, Goodsell Quinn, LLP, Rapid City, SD, Ann F. Mines, Steven R. Blair, Roxanne Giedd, Attorney General of South Dakota, Pierre, SD, for Defendants.

---

## ORDER GRANTING MOTION FOR EXPEDITED DISCOVERY

JEFFREY L. VIKEN, Chief Judge.

### INTRODUCTION

On April 9, 2013, plaintiffs filed a motion to expedite discovery requesting written transcripts of Indian Child Welfare Act ("ICWA") hearings held in Pennington County since January 1, 2010, in preparation for a motion for preliminary injunction. (Docket 4). Pursuant to Fed.R.Civ.P. 26(d), plaintiffs are requesting defendants create a chronological list of all 48–hour ICWA hearings which have occurred since January 1, 2010, then contact the court reporters for every third ICWA hearing on the chronological list and request they create an electronic transcript of those hearings at plaintiffs' expense. Plaintiffs want the transcripts on a rolling basis as each transcript is created.[1] Id. at p. 4.

Defendants oppose the motion in its entirety. (Dockets 17, 21, & 23). Defendants argue there is no good cause to order expedited discovery at this stage of the proceeding because: (1) injunctive relief is not available; (2) plaintiffs' request is overly broad; (3) plaintiffs have no need for expedited discovery; (4) plaintiffs' request is overly burdensome; and (5) plaintiffs' request is premature. (Docket 18). Defendants also contend plaintiffs' request seeks documents outside the scope of Fed.R.Civ.P. 34. Id.

### DISCUSSION

A federal district court has broad discretion with regard to discovery motions. See United States v. Washington, 318 F.3d 845, 847 (8th Cir.2003). Fed.R.Civ.P. 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation or by court order." Fed.R.Civ.P. 26(d)(1).

When considering a motion for expedited discovery, courts use one of two standards. "Some courts apply a 'good cause' or 'reasonableness' standard, while others analyze a set of factors similar to those for obtaining a preliminary injunction." Meritain Health Inc. v. Express Scripts, Inc., No. 4:12–CV–266–CEJ, 2012 WL 1320147, *1 (E.D.Mo.). While the Eighth Circuit has not adopted either standard, district courts in this circuit have generally utilized the "good cause" standard. Id.; see also Monsanto Co. v. Woods, 250 F.R.D. 411, 413 (E.D.Mo.2008); Dorrah v. United States, 282 F.R.D. 442, 445 (N.D.Iowa 2012).

"Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party." Meritain Health, 2012 WL 1320147, at *1. "Factors commonly considered in determining the reasonableness of an expedited discovery request include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the

---

**1.** Alternatively, plaintiffs suggest defendants could provide the plaintiffs with the case file numbers of each third ICWA hearing and the contact information for the corresponding court reporter so plaintiffs can arrange for the preparation of the transcripts. (Docket 6 at p. 4).

request was made." *Id.* at *2 (citation omitted).

### 1. Whether a preliminary injunction is pending

█ Plaintiffs' complaint seeks preliminary and permanent injunctive relief. (Docket 1). As part of the request for relief, plaintiffs requested expedited discovery in order to prepare a motion for preliminary injunction and in order to defend that motion at a preliminary injunction hearing. (Docket 6). Plaintiffs' complaint sets forth three claims for relief:

> This lawsuit challenges three policies, practices, and customs of the Defendants: (1) removing Indian children from their homes without affording them, their parents, or their tribe a timely and adequate hearing as required by the Due Process Clause, (2) removing Indian children from their homes without affording them, their parents, or their tribe a timely and adequate hearing as required by the Indian Child Welfare Act, and (3) removing Indian children from their homes without affording them, their parents, or their tribe a timely and adequate hearing and then coercing the parents into waiving their rights under the Due Process Clause and the Indian Child Welfare Act to such a hearing.

(Docket 1 at p. 3). Plaintiffs contend they "cannot prevail on their request for preliminary injunctive relief unless they prove that members of the Plaintiff class are likely to be injured in the immediate future by the policies, practices, and customs that allegedly exist." (Docket 6 at p. 3). Plaintiffs assert the only practical way to show the policies, practices and customs exist is to obtain the written transcripts of prior 48–hour hearings. *Id.*

In *Meritain Health,* the plaintiffs sought expedited discovery in order to prepare for a preliminary injunction hearing. *Meritain Health,* 2012 WL 1320147, at *1. The court granted the request for expedited discovery, noting that "[e]xpedited discovery is generally appropriate in cases, such as this, where a party is attempting to prepare for a preliminary injunction hearing." *Id.* at *2; *see also*

*Edudata Corp. v. Scientific Computers, Inc.,* 599 F.Supp. 1084, 1088 (D.Minn.1984) (ordering expedited discovery where it would "better enable the court to judge the parties' interests and respective chances for success on the merits" at a preliminary injunction hearing); *Ellsworth Assocs., Inc. v. United States,* 917 F.Supp. 841, 844 (D.D.C.1996) ("[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings.").

Defendants contend injunctive relief is not available to plaintiffs. (Docket 18 at p. 4). In support of their position, defendants cite 42 U.S.C. § 1983, which states, in part: "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Defendants assert because plaintiffs have not alleged a violation of a declaratory decree or that declaratory relief was unavailable, injunctive relief is not available in this case. (Docket 18 at p. 5).

The court considered this argument in its order on the defendants' motions to dismiss. The court found that injunctive relief is available if plaintiffs prevail on the merits. Expedited discovery is necessary for the preliminary injunction hearing. Additionally, nothing in Rule 26(d) requires the party seeking expedited discovery to prove that injunctive relief is available. The standard is whether "good cause" exists, and a pending preliminary injunction is but one factor the court may consider in determining whether good cause exists. This factor weighs in favor of expediting discovery.

### 2. The breadth of the discovery request

█ Plaintiffs' complaint alleges defendants employ policies, practices and customs in their 48–hour ICWA hearings that cause plaintiffs to suffer irreparable injury. (Docket 1). Plaintiffs assert defendants have done so since 2010. *Id.* To that end, plaintiffs' discovery request seeks ICWA transcripts beginning January 1, 2010, through the entry of this order. (Docket 6). Although plaintiffs request that defendants produce a list encompassing all 48–hour ICWA hearings

since 2010, plaintiffs are seeking only the transcripts for every third hearing. *Id.* Plaintiffs have offered to contact the court reporters, order the transcripts and pay for the transcripts. *Id.*

Defendants contend plaintiffs' request is overly broad. Defendants claim plaintiffs have not specified "whether they seek transcripts from 48–hour hearings in which ICWA was applicable or from all matters where ICWA was suspected of being applicable, or both." (Docket 18 at p. 5). Defendants' query is disingenuous. As pointed out by plaintiffs, an ICWA affidavit must be filed in each 48–hour hearing involving an Indian child unless an ICWA expert testifies at the hearing. (Docket 26 at pp. 6–7) (citing South Dakota Guidelines for Judicial Process in Child Abuse and Neglect Cases, South Dakota Unified Judicial System ("Green Book"), at 46 ("An 'ICWA Affidavit' from a 'qualified expert' . . . must be filed in the 48 hour/advisory hearing unless a 'qualified ICWA expert' is available to personally testify.")). The Green Book also requires each temporary custody order issued at the conclusion of a 48–hour hearing to indicate whether ICWA applied to that hearing. Green Book at 113–14; *see also* Docket 1–4.

Plaintiffs are requesting information regarding 48–hour ICWA hearings conducted since January 1, 2010, in which "Pennington County officials had reason to believe at the time that the child involved in the hearing was an Indian child for purposes of SDCL Chap. 26–7A." (Docket 26–1). Based on the requirements set forth in the Green Book, the defendants need only look at the file and determine whether an ICWA affidavit was filed or whether the court's order indicated ICWA applied. The court finds plaintiffs' request is narrowly tailored and not overly broad.[2]

### 3. The timing and purpose for requesting the expedited discovery

■ As previously discussed, the purpose for requesting the expedited discovery is to prepare a motion for a preliminary injunction and to defend that motion at a preliminary injunction hearing. Defendants contend plaintiffs have no need for expedited discovery because there is no "chance that evidence could be destroyed" and "no urgency to protect the records plaintiffs seek." (Docket 18 at p. 6). Defendants misinterpret plaintiffs' request. The issue is not whether the records will be destroyed or left unprotected. Rather, plaintiffs request the records in order to support their position that injunctive relief is necessary. Expedited discovery in this case will "better enable the court to judge the parties' interests and respective chances for success on the merits" at a preliminary injunction hearing. *Edudata Corp.,* 599 F.Supp. at 1088.

The defendants also assert plaintiffs' request is premature because defendants have not had the opportunity to answer the complaint. (Docket 18 at p. 9). Since responding to the motion for expedited discovery, the defendants filed motions to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b). (Dockets 33, 36, 37 & 39). The court denied those motions. The court finds the timing and purpose of plaintiffs' request is appropriate.

### 4. The burden on the defendants to comply with the requests

■ Defendants argue plaintiffs' request is overly burdensome because of the amount of time it would take to obtain the transcripts. Defendants believe that "in order to complete the discovery sought by Plaintiffs, a courthouse employee would have to manually sort through the hard files of all juvenile cases for the past three years . . . . some of [which] are stored in an off-site facility." (Docket 18 at p. 7). "Then, that person would have to segregate the [abuse and neglect] files from the Juvenile files, which

---

2. Defendants also assert plaintiffs already obtained several 48–hour hearing transcripts. Plaintiffs argue the small number of transcripts in their possession are "insufficient to demonstrate Defendants' policies, practices, and customs over a three-year period." (Docket 26 at p.

7). However, plaintiffs agreed "if the Defendants will stipulate that their policies, practices, and customs are adequately visible in the three transcripts attached to Plaintiffs' complaint, the Plaintiffs will withdraw their request for expedited discovery." *Id.* at pp. 7–8.

outnumber the [abuse and neglect] files by a ratio of approximately five to one, because these files are all maintained together." *Id.* "Of course, the employee in charge would then have to comb through the file to determine which cases involve Native America families. This would involve an in-depth review of the file before it could be accurately determined." *Id.* Defendants argue they then would have to determine which court reporter was working for which judge in order to determine who has the electronic transcript. *Id.* at p. 8.

As discussed above, defendants should be able to determine which files ICWA applied to by looking to see whether an ICWA affidavit is present or whether the temporary custody order indicates ICWA was applicable. This will not require an "in depth" review of the each file. The court finds that while the request may be time consuming, it is not overly burdensome. Furthermore, once the information is obtained, plaintiffs have indicated defendants can provide them with the requested case information and plaintiffs will take the necessary steps to obtain the transcripts.

### 5. Whether this court can grant plaintiffs' motion

■ Defendants claim plaintiffs are requesting the production of specific documents which are outside the scope of Fed. R.Civ.P. 34. (Docket 18 at p. 12). Defendants contend the requested documents are not in their possession or control. *Id.* Plaintiffs agree the defendants do not have possession or control over the requested documents. (Docket 26 at p. 10). However, plaintiffs assert they are not requesting the documents under Rule 34, but instead pursuant to Rule 33. *Id.* Plaintiffs attached a Rule 33 interrogatory to their reply brief. (Docket 26–1).

Plaintiffs are not requesting defendants turn over the transcripts. Rather, plaintiffs specifically request that defendants create a list of ICWA hearings conducted in Pennington County since January 1, 2010. After the list is created, defendants can either choose to contact the court reporter for each case and request an electronic transcript, or

defendants can provide plaintiffs with this information and plaintiffs will order the transcripts. The court finds Rule 34 is not applicable to plaintiffs' request.

Defendants also point out that the 48–hour hearing transcripts in abuse and neglect proceedings are restricted or sealed depending on the status of the case. (Docket 18 at p. 14). Defendants stress that a court order from the presiding state court judge finding the requesting party has a legitimate interest in the juvenile proceeding or that inspection is in keeping with the best interest of the child will be necessary to fulfill plaintiffs' discovery request. Defendants claim "if the Court were to grant Plaintiffs' Motion for Expedited Discovery, the Court would be superseding the state court's authority to determine what is in the best interests of the child, and making the broad-sweeping determination that the interests of the Plaintiffs in pursuing their claims override the compelling privacy interests of the children and families involved in these cases." (Docket 18 at pp. 15–16).

While plaintiffs agree the transcripts are sealed, they argue "federal courts face this 'privilege' issue so often in civil rights litigation than an entire body of law has been developed to address it." (Docket 26 at p. 11). In *Ginest v. Bd. of County Commis. of Carbon Cnty.*, 306 F.Supp.2d 1158, 1159 (D.Wyo.2004), plaintiffs alleged defendants' health care program suffered from three systematic deficiencies which they claimed violated a prior court order and the Eighth Amendment. The court noted that an Eighth Amendment violation could be "established by showing repeated instances of patients receiving improper health care—a pattern and practice of medical mistreatment." *Id.* Defendants took the position that inmate medical records could not be disclosed to plaintiffs unless counsel first obtained a signed release from the inmate whose files were being sought. *Id.*

The district court noted:
Admittedly, the custodian of these medical records (the institution) and the patients themselves have a privacy interest in keeping those records confidential. However, in class action institutional litigation of

[the] type at issue here, "the individual privacy interest and state policies, though cognizable, cannot prevail either as a constitutional or federal evidentiary matter." Individual and state privacy interests must yield to the federal interest in discovering whether public officials and public institutions are violating federal civil rights. "In a civil rights action brought pursuant to a federal claim, state statutory privileges are not binding."

*Id.* at 1159–60 (citations omitted). The court also remarked that the "requested medical information 'is sought by professionals whose purpose it is to protect the constitutional rights of the Plaintiff class,' and class counsel will keep the information confidential except to the extent that disclosure is necessary to advise the Court of violations of federal law." *Id.* at 1160; *see also Sprint Comm'ns Co., L.P. v. Native American Telecom, LLC,* No. 10–4110–KES, 2011 WL 1883193 (D.S.D. 2011) (ordering expedited discovery of confidential records under a protective order); *Doe v. Meachum,* 126 F.R.D. 444, 450 (D.Conn.1989) (compelling the production of inmate medical records in class action litigation involving HIV health care); *N.O. v. Callahan,* 110 F.R.D. 637, 646–47 (D.Mass.1986) (allowing access to medical records of students in school for the mentally handicapped); *Lora v. Board of Ed. of City of New York,* 74 F.R.D. 565, 584 (E.D.N.Y.1977) (finding "the individual privacy interest and state policies, though cognizable, cannot prevail, either as a constitutional or federal evidentiary matter" where the only way for plaintiff to establish a pattern of racial discrimination was to review the diagnostic and referral files of other handicapped children).

In this case, in order to be successful, plaintiffs must prove the defendants engaged in policies, practices and customs which violate the plaintiffs' constitutional rights. The only way to show that such policies, practices and customs exist is to review the transcripts of 48–hour ICWA hearings. The 48–hour ICWA hearing transcripts likely will be determinative of the issue. The court finds production of the requested 48–hour ICWA hearing transcripts is necessary in this case. "Individual and state privacy interests [though cognizable] must yield to the federal

interest in discovering" whether the defendants in this action have engaged in policies, practices and customs which violate plaintiffs' constitutional rights. *Ginest,* 306 F.Supp.2d at 1159–60.

The court finds that expedited discovery is warranted in this case. Defendants shall provide plaintiffs with a complete list of 48–hour ICWA hearings from January 1, 2010, through the present containing the following information: (1) the name of the case and corresponding docket number; (2) the name of the presiding judge; (3) the date of the 48–hour hearing; and (4) the name, physical address and telephone number of the court reporter assigned to the case. Plaintiffs will be responsible for obtaining the 48–hour hearing transcript for every third case at plaintiffs' expense.

## CONCLUSION

The court finds good cause to warrant expedited discovery. The transcripts plaintiffs seek to discover may prove or disprove their claims in the preliminary and permanent injunction hearing. Plaintiffs' discovery request is not overly burdensome to the defendants. The courts finds the request is narrowly tailored to a limited set of 48–hour ICWA hearing transcripts. Accordingly, it is hereby

ORDERED that plaintiffs' motion for expedited discovery (Docket 6) is granted consistent with this order.

IT IS FURTHER ORDERED that the parties shall propose a joint protective order to the court by February 18, 2014. If the parties are unable to agree on the terms of a joint protective order, the defendants can propose text for a protective order to the court by February 18, 2014. Plaintiffs will have until February 21, 2014, to respond to defendants' proposed protective order.